UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WESLEY K. ADDISON,
 (Tarrant No. 0677713),

        Plaintiff,

v.                                          Civil Action No. 4:22-CV-518-P

BEDFORD POLICE DEPARTMENT
of PUBLIC SAFETY, et al.,

        Defendants.

## OPINION and ORDER OF DISMISSAL
## UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

The case is before the Court for review of pro-se-inmate/plaintiff Wesley K. Addison ("Addison")'s operative pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all Addison's claims under 42 U.S.C. § 1983 must be dismissed under authority of these provisions.

### BACKGROUND

Addison initiated this case with the filing of a civil-rights complaint form. Compl.1-5, ECF No. 1. In order to clarify Addison's claims, the Court ordered him to answer the Court's particular questions in the form of a more definite statement. Ord. for More Definite Statement (MDS). ECF No. 8. Addison filed answers to the Court's order in a more definite statement. MDS, ECF No. 9.

In the complaint, Addison named as defendants the "Bedford Department of Public Safety," and the "Bedford Police Arresting Officers." Compl.3, ECF No. 1. As to these defendants, Addison initially recited legal conclusions, "False Arrest, Police Misconduct," False Imprisonment," and "Excessive Force." *Id.*  In his Statement of Claims section, Addison wrote:

> August of 2020, Plaintiff was stopped by Bedford Police Officers for a violation of a traffic law that he did not commit. During the traffic stop the Bedford Police Officers conduct was unlawful and the officers use of force was unreasonable violating Plaintiff's

1

> Fourth Amendment right to be free from excessive force as the officers threatened him with stun gun causing his life to be in danger from being hit by ongoing traffic. Plaintiff was unarmed and placed no safety risk. Police Officers lacked probable cause to believe that a traffic violation had occurred [and] therefore lacked reasonable suspicion to initiate that traffic stop. Plaintiff states claims for False Arrest, Excessive Use of Force, Police Misconduct.

Compl.4, ECF No. 1. For relief in this case, Addison wrote that he seeks for the Court "to grant $300,000 for the mental suffering results caused from the unlawful arrest. Plaintiff suffered mental anguish and humiliation by reason of being incarcerated."
*Id.* at 4.

    In his more definite statement, Addison provided a detailed factual recitation of having been seen by Bedford police officers in a Bedford, Texas, Valero station, only to then be detained by those officers after he left and walked at the crosswalk of a major intersection. MDS 1-2, ECF No. 9. Addison alleges the officers stopped him and later accused him of evading arrest "when evidence shows that plaintiff had no intentions of fleeing from officers." *Id.* at 2. He contends he was in fear of his life as one of the officers "pulled up running towards [him] threatening to tase the plaintiff." *Id.* Addison alleges he fell on the ground "where cars travel putting [his]life in danger." Addison alleges the officers, who later got Addison to consent to a search, had no probable cause to detain him. *Id* at 3.

    Addison acknowledged in the more definite statement, that he was housed awaiting resolution of several pending charges. *Id* at 4. Those charges include those that arose from the arrest: manufacturing/delivery of a controlled substance 4 grams to 200 grams; evading arrest; and possession of marijuana. *Id*.

    In response to the Court informing Addison that the Bedford Police Department likely did not have its own jural existence, Addison noted in his more definite statement that he sought to name the City of Bedford, Texas. *Id.* at 6. In answer to the follow up question as to the basis for his municipal liability claim against the City of Bedford, however, Addison provided no additional facts of any

custom or policy. *Id*. at 6.

As to the failure to name the individual officer defendants, Addison noted that he did not know the names and due to limited resources in the Tarrant County Jail. *Id.* at 6-7. Finally, in response to the Court's question as to whether he sustained any physical injury, Addison wrote "there was no physical injury during this event only legal, personal and malicious injuries." *Id.* at 7.

## LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Addison is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Addison is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915A(b) and 1915(e)(2)(B)..

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

3

## ANALYSIS

### A. Bedford Police Department of Public Safety No Jural Existence City of Bedford, Texas-No Claim of Municipal Liability

As noted above, Addison named as a defendant the "Bedford Police Department of Public Safety." Compl,3, ECF No. 1. After the Court explained to Addison the doctrine of jural existence in the Order for an MDS, however, Addison answered that he sought to state his claims only against City of Bedford, Texas. MDS 6, ECF No. 9. Thus, Addison has abandoned his claims against the Bedford Police Department of Public Safety and that defendant must be dismissed.

Addison alternatively names the City of Bedford, Texas. *Id.* Although a city or county is a "person" within the meaning of § 1983, a municipal government may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). The Supreme Court, in *Monell v. New York City Department of Social Services*, emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.

*Id.* at 694. Thus, to the extent Addison claims that the City of Bedford is responsible to him due to the actions of the police officers, as this claim is essentially a claim that the City of Bedford is responsible on a vicarious liability or *respondeat superior* basis, such claim is without legal merit.

Instead of vicarious liability for the actions of government employees, § 1983 liability attaches against a local government entity only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 59 (2011) (quoting *Monell*, 436 U.S. at 692); *City of Canton v. Harris*, 489 U.S. 378, 385

4

(1989) (liability "only where the municipality *itself* causes the constitutional violation at issue") (emphasis in original). An official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Prince v. Curry*, 423 F. App'x 447, 450 (5th Cir. 2011) (quoting *Connick*, 563 U.S. at 60.)

The Court directed Addison to provide any "facts of a custom or policy . . . that relates to your harm." Order for MDS 3, ECF No. 8. Addison did not provide any responsive information asserting any kind of facts against the City of Bedford. Thus, Addison has provided no facts to support any claim that the City of Bedford could be liable to him for a violation of constitutional rights on the facts as stated.

> **B. 42 U.S.C. § 1997e(e) Limitation on Monetary Damages if no Physical Injury**

When Addison filed this action on a prisoner complaint form, he invoked the Court's federal question jurisdiction by seeking relief against the government defendant under 42 U.S.C. § 1983.[1] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* Addison's claims under § 1983 against all defendants seek compensatory monetary damages for violations of constitutional rights. Compl.4, ECF No. 1; MDS 7, ECF No. 9. As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

---

[1]. "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

5

without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). Addison alleges violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution. MDS 3, ECF No. 9.

This physical injury requirement has long been recognized as applying to claims under the Eighth Amendment. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit subsequently held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F. 3d 371, 375 (5th Cir. 2005). The Fifth Circuit has rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim arising from a strip search, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions*," and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury preclude his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007) (emphasis in original).

Other courts have held that an inmate's claims for compensatory damages for violations of the Fourteenth Amendment and the Fifth Amendment, without showing physical injury, are barred by § 1997e(e). *See Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (Fourteenth Amendment); *Allen v. Holden*, No. 10-0753-JJB-DLD, 2012 WL 3902401, at *5 (M.D. La. Aug. 15, 2012), *rep. and rec. adopted*, 2012 WL 3901954 (Sep. 7, 2012) (Fourteenth Amendment); *Rogers, v. Newman*, No. 5: 04-cv-193 DCB-JCS, 2006 WL 1520298, at * 1 (S.D. Miss. Apr. 7, 2006) (Fourteenth Amendment); *see also Schaller v. United States*, No. 3:10-cv-444-WS-EMT, 2011 WL 7052267, at *4 (N.D. Fla. Dec. 29, 2011), *rep. and rec. adopted*, 2012 WL 136007 (Jan. 17, 2012) (Fifth Amendment).

Courts in this circuit have recognized that § 1997e(e) bars a Plaintiff from seeking monetary damages to compensate for emotional or mental injury, absent a

showing of physical injury in other contexts. *See generally Logan v. Honeycutt*, No. 12-156-JJB-SCR, 2012 WL 3903501, at *3 (M.D. La. July 24, 2012) (holding that Plaintiff's failure to allege that he sustained a physical injury as a result of alleged retaliation prohibits him from recovering compensatory damages pursuant to 42 U.S.C. § 1997e(e), *rep. and rec. adopted*, 2012 WL 3903452 (Sep. 7, 2012); *Hodge v. Stadler*, No. 04-0965, 2006 WL 1560754, at *3 (E.D. La. May 24, 2006) ("Arguably, it may seem counterintuitive that a prisoner's damage claim for a purely nonphysical form of retaliation would be barred unless he can show a physical injury suffered in connection with the claim. Nevertheless, this Court finds that is in fact the result mandated by the decision of the United States Fifth Circuit Court of Appeals in *Geiger v. Jowers*, 404 F.3d 371 (2005)").

Addison has not alleged any physical injury. In the complaint, he expressly seeks $300,000 for the mental suffering results caused from the unlawful arrest." Compl.4, ECF No. 1. But in response to the Court's question in the order for more definite statement concerning whether he sustained any physical injury, Addison wrote: "there was no physical injury during the event only legal, personal, and malicious injuries." MDS 7, ECF No. 9. Applying the above cited holdings to the instant case, no matter the substantive constitutional violations asserted by Addison against the Defendants, the failure to allege physical injury bars his claims for recovery of any compensatory monetary damages. Thus, Addison's claims for compensatory monetary damages are barred under 42 U.S.C. § 1997e(e).

    **C.**    ***Younger* Abstention**

With regard to Addison's remaining factual allegations against the unnamed individual defendants, the Court notes that, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here. *Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489-1490 (5th Cir. 1995). Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford

adequate opportunity to raise the constitutional challenges. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit. Ass'n*, 42 F.3d at 1490. As to *Younger's* application to ongoing criminal prosecutions, this Court should abstain expect in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04-CV-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *see also Younger*, 401 U.S. at 44.

All prerequisites for abstention under *Younger* are met in this case. There are ongoing state judicial criminal proceedings. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F,2d 11171, 1176 (5th Cir. 1984). Addison has a full opportunity to raise constitutional challenges in the ongoing state prosecution, on direct appeal in the event of a conviction (s), or through a state habeas writ challenging his detention or conviction. *See DeSpain*, 731 F2d at 1176; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"). The Court will therefore abstain from jurisdiction over Addison's remaining claims. *See generally Phillips v Dallas Cnty. Sheriff's Dep't*, No. 3:16-CV-1680-D, 2017 WL 658749, at *2 (N.D. Tex. Jan. 12, 2017) (finding that claims of unlawful arrest against the Dallas Police Department should be dismissed under the *Younger* abstention doctrine), *rep. and rec. adopted*, 2017 WL 635086 (N.D. Tex. Feb. 16, 2017). Thus, the Court concludes that Addison's claims under 42 U.S.C. § 1983 against the remaining defendants must be dismissed.

## CONCLUSION and ORDER

It is therefore **ORDERED** that all plaintiff Wesley K. Addison's claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C.§§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **8th day** of **May, 2023**.

*[Signature]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE